[No. 32809.   Department Two.   August 31, 1954.]

NORMAN COHEN, *Appellant*, v. COWLES PUBLISHING COMPANY et al., *Respondents*.[1]

[1]Reported in 273 P. (2d) 893.

*Edward P. Ferris*, for appellant.

*Witherspoon, Witherspoon & Kelley*, for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment dismissing a civil action for libel after an order had been entered sustaining a demurrer to the complaint, and plaintiff had refused to plead further.

The action was against the Cowles Publishing Company and Frank C. Ferguson and wife. The company publishes and circulates "The Spokesman-Review", a daily newspaper in Spokane and the area known generally as the "Inland Empire" and vicinity. Ferguson was employed as a reporter and associate editor of The Spokesman-Review.

The complaint alleged that on the 21st day of September, 1953, the defendant Ferguson, on behalf of himself and the marital community of himself and his wife, and as the agent for the Cowles Publishing Company, "falsely composed, published and circulated of and concerning the plaintiff and the same was so understood by the readers of said Spokesman-Review so composed, published and circulated by the defendants, the matter following to-wit:

### "BAD RIDE FOR CALL CALL

"The Futurity provided an upset. Call Call, Walter Peltier's winner of the Washington Futurity at Longacres, was an overwhelming favorite and should have won by many yards—but it did not get a good ride, being taken up at the first turn and again in the stretch without clear reason, except that the jockey seemed afraid it would bump any horse that got near it. When it was clear it ran like a rabbit, going from bad last to fourth on the backstretch, and catching the leaders at the turn for home.

"Its failure can take nothing from the winner, R. E. King's Toplette, which made all the pace and hung on gamely as Call Call challenged in the last quarter. Harvey Duncan hustled her along all the way and never gave up."

The complaint then particularized the allegations of falsity in paragraph V thereof, as follows:

"That the aforesaid publication was intended to and did falsely charge Plaintiff as a coward and a bad rider in his profession as a jockey which tends to and does destroy plaintiff's good name and reputation in his business as a jockey and likewise tends to and does expose plaintiff to hatred, contempt, ridicule or obloquy and deprives him of the benefit of the public confidence."

We do not find it necessary to determine whether or not this article was libelous *per se*, because it constituted fair comment on appellant's performance as a jockey. Although the privilege of fair comment is a matter of defense, that question may be raised by demurrer where the privilege is clearly shown on the face of the complaint. *Arnold v. National Union of Marine Cooks & Stewards Ass'n*, 36 Wn. (2d) 557, 219 P. (2d) 121. That is the situation here.

Persons who present their work or products to the public for its approval and acceptance, thereby subject it to public criticism, and honest comment upon it is privileged. 3 Restatement of the Law of Torts 287, § 609. Of course, a comment cannot be fair if it is made maliciously, but here the complaint did not allege malice. Neither can a comment be fair if it is based on false statements of fact.

Although the complaint seems to contain a blanket allegation of falsity concerning the article in question, in another portion of the complaint it alleges that plaintiff was employed by Walter Peltier to ride Call Call in the Spokane Futurity, in Spokane, on Sunday, September 20, 1953, the race to which the article referred. It is apparent, therefore, that appellant does not allege the entire article to be false. Furthermore, in paragraph V, the allegation as to falsity is made definite and certain by alleging that the publication falsely charged plaintiff as a coward and a bad rider in his profession as a jockey. This is not an allegation concerning statements of facts contained in the article, but is an allegation of the pleader's conclusion as to what the statements in the article meant. The test is not what the plaintiff thinks the statements mean, but what the average reader thinks they mean. We must conclude that the complaint fails to allege any false statements of fact in the article.

■ Appellant alleged that riding horses as a jockey was his regular occupation and business. The article was merely the writer's impression of what occurred during the riding of the Futurity race in Spokane, with particular attention to the ride of Call Call. It commented on appellant's conduct as a jockey in the race in question. The comment concerning his riding did not subject him to personal censure and denunciation. It did not step beyond what would be reg~rded by reasonable men as fair comment.

The judgment is affirmed.

HILL and WEAVER, JJ., concur.

GRADY, C. J., and DONWORTH, J., concur in the result.

October 25, 1954. Petition for rehearing denied.

